UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 16-CR-176

CHRISTOPHER EKLUND,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Benjamin W. Proctor, Assistant United States Attorney, and the defendant, Christopher Eklund, individually and by attorney John Campion, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a two-count superseding indictment, which alleges violations of Title 18, United States Code, Sections 2252A(a)(2) and 2251(d)(1)(A).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE
**THE GRAND JURY CHARGES:**

1. On or about December 2, 2014, in the State and Eastern District of Wisconsin and elsewhere,

**CHRISTOPHER EKLUND**

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8), including visual depictions of a minor engaged in sexually explicit conduct, said child pornography having been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer

2. The child pornography distributed by the defendant included images identified by the following partial file name:

| Partial File Name | Description |
|---|---|
| "city.jpg" | An image depicting a naked prepubescent female lying on a bed. An unknown male's penis can be seen partially inserted into the prepubescent female's vagina. The word "Maxxx" and an additional word can be observed written on the prepubescent female's stomach. |
| "RA13.JPG" | An image depicting a prepubescent female wearing a striped top and naked from the waist down. The prepubescent female has her legs spread and the child is using her hands to further expose her vagina. |

All in violation of Title 18, United States Code, Section 2252A(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> For several years continuing through 2016, FBI agents in Milwaukee and elsewhere conducted investigations into the sharing of child pornography over the Gigatribe peer-to-peer file-sharing

2

Case 2:16-cr-00176-LA   Filed 10/24/18   Page 2 of 20   Document 21

program. As part of these investigations, FBI agents identified a Gigatribe user who went by several user names (one at a time), including "Gigauser55," "Gigadude555," "Gigadude5555," and "Kingofgiga55," who was advertising and sharing thousands of images and videos of child pornography to his network of "friends" on Gigatribe. During the investigation, agents downloaded several child pornography files directly from this user's computer. Through records obtained during the investigation, FBI agents were able to identify this user as Christopher W. Eklund, an American citizen who was teaching English classes to children in Wuhan, China.

In addition to making folders containing child pornography files available to others, Eklund utilized the "blog" and "chat" functions on Gigatribe to post invitations for others to access his child pornography collection, request specific child pornography videos from other users, and write his thoughts about child pornography, sex with children, and problems with Gigatribe.

The following is a brief summary of events that occurred during the investigation that are relevant to the charges in this case.

On September 10, 2014, an FBI undercover agent in Milwaukee, Wisconsin, accessed the Gigatribe using a third-party's username that the agent had obtained by consent. The agent reviewed the list of contacts on the third-party's account and noticed that user "Kingofgiga55" was logged onto the network. The agent observed that Kingofgiga55 had approximately 290 gigabytes of files (images and videos), the majority of which depicted child pornography, available for sharing. The agent also reviewed blog posts by Kingofgiga55 on Gigatribe, in which Kingofgiga55 discusses his collection of child pornography. One of the blog posts read in part as follows:

> "What the Majority of You Are Not Allowed INTO ! [redacted link to file]
> . . .
> If you are in my DEFAULT GROUP, you are missing out on half of my collection, and the GOOD HALF TOO. The best stuff is reserved for my BEST TRADERS GROUP.

3

> Download that image linked above [redacted] to see all the folders you are NOT getting access to! The reasons are simple:
>
> (1) you are only sharing under 20 Gigs of CP [child pornography].
> (2) You are half boys and half girls sharing, with hardly any unique girl files that stimulate me.
> (3) Your directory organization may be horrible, with files just tossed into one single folder that takes 1 hour to even load. And by the time I get it loaded, you drop off the internet for another 2 weeks.
> (4) You are infrequent users.
> (5) You never chat with me to ask for any advice about which files are good, or don't bother to tell me which of your files might not appeal to me.
> (6) You have more than ONE PASSWORD for all of your materials, making me constantly jump through "hoops" to get to your lousy shit in the first place.
> (7) You put all girls and boys stuff in the same folders and don't rename the files to indicate if they are MB or Girl related. So its just a pile of steaming shit to wade through.
>
> SO, you are lazy. If you don't see the folder "SPECIAL COLLECTION" in your choices, then you belong to this default group.
>
> If you dare to change your problems, and let me know, I will update you to Best Trader and you can enjoy all the awesome files.
>
> Thanks for your understanding."

Based on this blog posting, the agent downloaded and reviewed the file linked in the beginning of post. The file was a screen-shot image showing approximately 182 folders of Kingofgiga55's hidden "best traders group" collection of child pornography.

On December 1, 2014, the FBI agent in Milwaukee again logged into Gigatribe and observed that Kingofgiga55 was online and had child pornography files available for sharing. Kingofgiga55's Gigatribe page had a header stating "Nearly 1TB of Goodies For You!," which was an advertisement that Kingofigiga55 had nearly one terabyte of child pornography files available for other users to access and download.

4

On December 2, 2014, the FBI agent in Milwaukee again logged onto Gigatribe and observed that "Kingofgiga55" was online. The agent then downloaded 10 child pornography files directly from Kingofgiga55's computer. These child pornography files depicted children under the age of 12 years old engaged in sexually explicit conduct with adults. Among these images were the following:

<u>Partial File Name</u>: "city.jpg"
<u>Description</u>: An image depicting a naked prepubescent female lying on a bed. An unknown male's penis can be seen partially inserted into the prepubescent female's vagina. The word "Maxxx" and an additional word can be observed written on the prepubescent female's stomach.

<u>Partial File Name</u>: "RA13.JPG"
<u>Description</u>: An image depicting a prepubescent female wearing a striped top and naked from the waist down. The prepubescent female has her legs spread and the child is using her hands to further expose her vagina.

On July 23, 2015, the FBI agent in Milwaukee again logged into "Kingofgiga55's" account and reviewed the postings under the "chat" tab. Some of the postings contained thumbnail images of child pornography. In these chat messages, Kingofgiga55 states, among other things, that: (1) he created a new child pornography video from various internet clips [with link to the video for others to access]; (2) he feels ignored by his fellow child pornography collectors on Gigatribe because they do not often respond to his chat messages; (3) he is upset with other Gigatribe users in his network because he provides "tons of shit" [child pornography] for other users to access in a well-organized manner and the other users do not reciprocate; (4) other child pornography collectors on Gigatribe will be very upset if he decides to leave Gigatribe, which would eliminate their access to his extensive child pornography collection; (5) he had a hard-drive failure but was able to save all of his child pornography files; (6) he is searching for [redacted child pornography title] videos; (7) he is a teacher and has a 10-year old female student in his class who he shows child pornography to and who he wants to have sex with (which he describes

5

in great detail); and (8) that he has a 7-year old female student in his class who he shows child pornography to and who he will try to have sex with when the opportunity arises (which he describes in great detail).

Through a review of records and IP logs obtained from public services, subpoenas, and search warrants, including information from Yahoo, Gigatribe, PayPal, LinkedIn, and other sources, agents were able to conclusively tie Kingofgiga55's account to Christopher Eklund, an American citizen who was teaching English to children in Wuhan, China. FBI agents then in Milwaukee relayed information to Chinese authorities regarding their investigation into Eklund. On October 12, 2016, Chinese law enforcement agents arrested Eklund and seized his computers. During the review of Eklund's computers, Chinese law enforcement located Eklund's Gigatribe account and observed thousands of child pornography images and videos. At that time, Eklund admitted that he used Gigatribe to obtain and share child pornography files. Eklund was charged by Chinese authorities with Dissemination of Pornographic Materials in violation of the Criminal Law of the People's Republic of China. He was found guilty and sentenced to 18 months in prison.

On May 10-11, 2018, Eklund was deported from China to the United States. When he arrived in the United States, Eklund was taken into federal custody. At that time, Eklund was read his Miranda warnings and agreed to make a statement to FBI agents. Eklund admitted that he used Gigatribe and that his user accounts included "Gigauser55," "Gigadude555," "Gigadude5555," and "Kingofgiga55." Eklund stated that he enjoyed obtaining new child pornography more than reviewing his vast child pornography collection, which he said was over 2 terabytes. Eklund admitted he has been has been addicted to child pornography since he was a teenager. He further admitted that he showed child pornography to some of his female students in China, who were between ages 8 and 10 years old, and touched these students' genitals through their clothing on occasion.

6

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, the offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fines: up to 20 years imprisonment and a fine up to $250,000. The count also carries a mandatory minimum of 5 years of imprisonment. The count also carries a mandatory special assessment of $100, as well as an additional special assessment of $5,000 under 18 U.S.C. § 3014(a)(3), unless the defendant is deemed indigent. The count also carries at least 5 years of supervised release, and a maximum of life on supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining count of the superseding indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of distribution of child pornography as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

7

First, the defendant knowingly distributed a visual depiction; and

Second, the visual depiction was child pornography; and

Third, the defendant knew that visual depiction was child pornography; and

Fourth, the visual depiction was transported using any means or facility of interstate or foreign commerce.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge,

understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual ("U.S.S.G") § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 22 under U.S.S.G. § 2G2.2(a)(2).

### Specific Offense Characteristics

17. The parties agree to recommend to the sentencing court that the following adjustments are applicable: a 2-level increase for material involving a prepubescent minor who had not attained the age of 12 under U.S. Sentencing Guidelines § 2G2.2(b)(2); a 2-level increase for distribution under § 2G2.2(b)(3)(F); a 4-level increase for sadistic and masochistic conduct under § 2G2.2(b)(4); a 2-level increase for use of a computer under § 2G2.2(b)(6); and a 5-level increase for more than 600 images under 2G2.2(b)(7)(D).

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court. The defendant agrees to recommend a sentence that includes no less than 96 months of imprisonment. The defendant agrees that his recommendation already accounts for the approximately 18 months he spent in Chinese custody between October 2016 and May 2018. The parties understand that under Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court accepts the defendant's guilty plea, the Court will be obligated to impose a sentence that includes a term of imprisonment that is no less than 96 months and no more than the top of the sentencing guidelines range, as determined by the Court.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set

11

forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and

12

Case 2:16-cr-00176-LA   Filed 10/24/18   Page 12 of 20   Document 21

sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

26.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

27.     The defendant agrees to pay restitution as may be ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### **DEFENDANT'S WAIVER OF RIGHTS**

28.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a.    If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is

shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be

14

deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

32. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the

15

plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

34. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name,

16

residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to

17

sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 10-23-2018

CHRISTOPHER EKLUND
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10-23-2018

JOHN CAMPION
Attorney for Defendant

For the United States of America:

Date: 10/23/18

for MATTHEW D. KRUEGER
United States Attorney

Date: 10-23-18

BENJAMIN W. PROCTOR
Assistant United States Attorney

19

Date: Oct. 23, 2018

*Ralph A. Paradiso*
RALPH PARADISO
Trial Attorney, U.S. Dept. of Justice
Child Exploitation and Obscenity Section